**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1388 FMO (SKx) | Date | July 25, 2019 |
|---|---|---|---|
| Title | Kaizen Advisors, LLC v. AO Eyewear, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

Having reviewed and considered all the briefing filed with respect to plaintiff's Amended Motion for an Order: (1) Remanding Plaintiff's Compliant to Los Angeles Superior Court; and (2) Awarding Plaintiff's Attorneys' Fees and Costs (Dkt. 22, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

On January 29, 2019, plaintiff Kaizen Advisors, LLC ("KZA" or "plaintiff") filed this action in the Los Angeles County Superior Court against AO Eyewear, Inc. ("AO"), Alan McKinley ("McKinley"), and Europa Eye Wear Corp., d/b/a Europa International, Cinzia, and State Optical Co. ("Europa") (collectively, defendants), asserting claims arising from breaches of a Non-Disclosure and Non-Circumvention Agreement ("NCNDA") and a Letter of Intent ("LOI") in connection with negotiations regarding the sale of AO to KZA and subsequent negotiations between AO and Europa. (See Dkt. 1-1, Complaint). On February 25, 2019, Europa removed the action based on diversity jurisdiction. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 6). Europa stated that the remaining defendants consented to removal. (See Dkt. 1-2, Declaration of Ricardo Cestero at ¶ 3).

Now pending is plaintiff's Motion. Plaintiff does not dispute that the court has diversity jurisdiction. Instead, plaintiff contends the court should remand the action based on forum selection clauses in the NCNDA and LOI. (See Dkt. 22, Motion).

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). Federal law governs the enforceability of forum selection clauses in cases removed on the basis of diversity jurisdiction. Manetti-Farrow, Inc., v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988); Bastami v. Semiconductor Components Indust., LLC, 2017

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1388 FMO (SKx) | Date | **July 25, 2019** |
|---|---|---|---|
| Title | **Kaizen Advisors, LLC v. AO Eyewear, Inc., et al.** | | |

WL 1354148, *2 (C.D. Cal. 2017) ("In cases based on diversity jurisdiction, federal law governs the interpretation and enforceability of forum selection clauses."). Under federal law, "[e]ven if a court has subject matter jurisdiction over a suit that has been removed, it may remand the suit based on a forum selection clause." American Contractors Indemnity Co. v. DeCal Construction, LLC, 2018 WL 4350063, *1 (C.D. Cal. 2018); Bastami, 2017 WL 1354148, at *2 (same); see, e.g., Kamm v. ITEX Corp., 568 F.3d 752, 756 (9th Cir. 2009) ("[A] forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as . . . a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c).").

**DISCUSSION**

Although there are two forum selection clauses at issue, plaintiff relies primarily on the NCNDA, which states that "the parties agree and accept that any legal action or proceeding brought with respect to this Agreement shall be brought in the State of California or the United States District Court for the Central District of California, Los Angeles, California, and the parties expressly waive their right to a trial by jury and any objection to personal jurisdiction, venue or forum non conveniens." (Dkt. 22-17, Exh. 12, NCNDA at § 10). Plaintiff contends that this clause requires that the action be remanded to the state court. (See Dkt. 22, Motion 8-13). The court disagrees.

According to plaintiff, pursuant to the NCNDA, AO waived any objection to plaintiff's chosen forum, i.e., it waived the right to remove (or consent to removal). (See Dkt. 22, Motion at 9-13). However, the forum selection clause in the NCNDA does not include language indicating that plaintiff, or the party filing suit, has the ultimate choice of forum. Rather, the language merely provides that suit shall be brought in any court in the "State of California" or "the United States District Court for the Central District of California, Los Angeles, California" and that the defendant waives its right to object to suit brought in those courts. (See Dkt. 22-17, Exh. 12, NCNDA at § 10); see, e.g., Simonoff v. Expedia, Inc., 643 F.3d 1202 (9th Cir. 2011) (holding that "a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts '<u>in</u>' a county provides venue in the state and federal courts located in that county") (emphasis added).

Plaintiffs seek to interpret the general language of the NCNDA more explicitly. (See Dkt. 22, Motion at 9-13). However, the NCNDA does not include language such as that found, for instance, in American Contractors Indemnity Co. v. DeCal Construction, LLC, 2018 WL 4350063, *1 (C.D. Cal. 2018), where the court granted the plaintiff's motion to remand. There, the forum selection clause stated that the "Principal and Indemnitor irrevocably consent to exclusive jurisdiction and venue in such court <u>as may be selected by the Surety</u> among the alternative jurisdictions to which the Principal and Indemnitor have consented to submit themselves to personal jurisdiction as set forth above and hereby waive any and all rights to object to such venue and jurisdiction." Id. (emphasis added). In granting plaintiff's motion to remand, the court relied on the emphasized language, see id. at *2, which is absent from the NCNDA. (See, generally, Dkt. 22-17, Exh. 12, NCNDA at § 10); see also Bastami, 2017 WL 1354148, at *5-*7 (remanding action based on forum selection clause providing that "each party . . . irrevocably submits to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-1388 FMO (SKx)** | Date | **July 25, 2019** |
|---|---|---|---|
| Title | **Kaizen Advisors, LLC v. AO Eyewear, Inc., et al.** | | |

exclusive jurisdiction and venue of any such court in any such suit, action, or proceeding" because "[t]he use of the singular 'court' rather than the plural 'courts' indicates that Defendant only has submitted to the exclusive jurisdiction and venue of a single court in any such suit") (internal quotation marks omitted).

Indeed, language similar to that found in the NCNDA has been construed to allow removal. In Global Satellite Communications Co. v. Starmill U.K. Limited, 378 F.3d 1269 (11th Cir. 2004), the forum selection clause provided that "[v]enue shall be in Broward County, Florida[,]" and that "[t]he parties . . . expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida." Id. at 1271. In reversing the district court's order granting plaintiff's motion to remand, the Eleventh Circuit explained that the subject language was "clearly limited to issues regarding venue and in personam jurisdiction, and d[id] not encompass the statutory right to remove."[1] Id. at 1273-74.

With respect to the LOI, it does not contain any language regarding removal. (See, generally, Dkt. 22-16, Exh. 11, LOI). Instead, it merely provides that "[a]ny dispute shall be resolved exclusively in the State or Federal courts located in Los Angeles, California." (See id. at § 10). Thus, it provides no basis for remand.[2]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

---

[1] The court does not find plaintiff's reliance on iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081 (8th Cir. 2005) and Snapper, Inc. v. Redan, 171 F.3d 1249 (11th Cir. 1999) persuasive. With respect to iNet Directories, the per curiam opinion consisted of only two paragraphs. See id., 394 F.3d 1081-82. As for Snapper, the clause at issue contained similar language the court in American Contractors found significant. It stated in part: "The Undersigned agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect." Snapper, 171 F.3d at 1260, 1262 ("Additionally, the clause provides for the action to be brought in one of the fora 'all as Creditor may elect.' Allowing removal from the forum that Snapper (i.e., the Creditor) did elect to the forum that Snapper specifically did not elect defies the express language of the contract and unjustifiably diminishes the importance of this specific language."). As noted above, the NCNDA does not contain such or similar language.

[2] Given the court's determination on these issues, it does not address other issues raised by the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-1388 FMO (SKx)** | Date | **July 25, 2019** |
|---|---|---|---|
| Title | **Kaizen Advisors, LLC v. AO Eyewear, Inc., et al.** | | |

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Amended Motion for an Order: (1) Remanding Plaintiff's Compliant to Los Angeles Superior Court; and (2) Awarding Plaintiff's Attorney's Fees and Costs **(Document No. 22)** is **denied**.

2. Defendants shall file their Answer to the Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **August 15, 2019**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |